SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2555 PA (FFMx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | Miguel De Vivo v. IndyMac Bank, FSB, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a motion to dismiss ("Motion") filed by defendant Federal Deposit Insurance Corporation ("FDIC"), acting in its capacity as Receiver for defendant IndyMac Bank FSB, and by defendant Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Moving Defendants"). (Docket No. 6.)  Plaintiff Miguel De Vivo ("Plaintiff") has not filed an opposition to the Motion.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 1, 2009, is vacated, and the matter taken off calendar.

### I.   Factual Background

Plaintiff alleges that on December 31, 2005, he borrowed $480,000 from IndyMac Bank, FSB, secured by a deed of trust to his home. (Compl. ¶ 17.)  He alleges that although he made his monthly payments, he was declared in default, and his property was sold at a foreclosure sale on January 30, 2009. (Compl. ¶¶ 19–25.)  Plaintiff filed suit in state court against IndyMac Bank, FSB, MERS, and NDEx West, LLC ("NDEx").  In his complaint ("Complaint"), Plaintiff alleges failures to disclosure under the Truth in Lending Act, ("TILA") 15 U.S.C. § 1601, et seq., violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o, and violation of several state laws, and brings claims for (1) "wrongful foreclosure," (2) declaratory relief, (3) unfair business practices, (4) quiet title, (5) fraud, (6) unconscionability, (7) breach of the covenant of good faith and fair dealing, (8) accounting, and (9) injunctive relief.[1/]  MERS and FDIC, as Receiver for IndyMac Bank, FSB, removed to this Court pursuant to 28 U.S.C. § 1441(b).

---

[1/]   Plaintiff does not allege enumerated claims for violation of TILA, RESPA, the FDCPA, or any other federal statutes.  Rather, Plaintiff alleges violations of these statutes in the general allegations, asserts TILA, RESPA, and state law violations in his claim for "wrongful foreclosure[,]" and asserts TILA violations in his unfair competition claim.

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–2555 PA (FFMx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | Miguel De Vivo v. IndyMac Bank, FSB, et al. | | |

On July 11, 2008, the Office of Thrift Supervision ("OTS"), a federal bank regulatory office within the United States Department of the Treasury, closed IndyMac Bank, FSB ("IndyMac Bank"), and appointed FDIC as the bank's Receiver pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5). (Mot., Quick Decl. ¶¶ 2, 3, Ex. 1.) Also on July 11, 2008, the OTS charted a new institution, IndyMac Federal Bank, FSB ("IndyMac Federal Bank"), to which it transferred all of the insured deposits and substantially all of the assets of IndyMac Bank. (Quick Decl. ¶ 2, Ex. 1.) The OTS initially appointed FDIC as conservator to operate IndyMac Federal Bank. (Id.). However, on March 19, 2009, the OTS appointed FDIC as Receiver, not just conservator, for IndyMac Federal Bank. (Quick Decl. ¶ 4, Ex. 2.) On May 26, 2009, the Court granted FDIC's motion to substitute as a defendant in place of IndyMac Bank, in its capacity as Receiver for both IndyMac Bank and IndyMac Federal Bank. (See Docket No. 10.) FDIC and MERS now move to dismiss Plaintiff's Complaint on the grounds that the Court lacks jurisdiction as to claims against FDIC, and that the Complaint fails to state a claim upon which relief may be granted.

### II.     Standard on Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of jurisdiction over the subject matter of the action. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). When moving under Rule 12(b)(1), a party may either show that the allegations of the complaint, taken as true, are insufficient to invoke federal jurisdiction, or present evidence that disputes allegations that, by themselves, would otherwise be sufficient to invoke jurisdiction. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

Additionally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," the Rules also require all pleadings to be "construed so as to do substantial justice." Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. at 555–56, 127 S. Ct. at 1965 (citations omitted); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). For a complaint to survive a motion to dismiss, it must contain "only enough facts to state a claim to relief that is plausible on its face."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2555 PA (FFMx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | Miguel De Vivo v. IndyMac Bank, FSB, et al. | | |

Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

### III.   Analysis

Plaintiff filed no opposition to the Motion.  Pursuant to Local Rule 7-12, the failure to file a required paper may be deemed consent to the granting of a motion.  Moreover, Moving Defendants prevail on the merits.

#### A.   Claims Against FDIC

FDIC asserts that the Court should dismiss the claims against FDIC pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction.  Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (August 9, 1989), Congress enacted a statutory scheme granting FDIC authority to act as Receiver for failed financial institutions, and granted FDIC special powers to carry out that function.  As Receiver, FDIC is the successor-in-interest to IndyMac Bank, assuming "all rights, titles, powers, and privileges," of IndyMac Bank.  12 U.S.C. § 1821(d)(2)(A)(i).  Additionally, FDIC took over operation of IndyMac Bank, including taking over its assets, collecting all money due, and paying all valid obligations.  12 U.S.C. §§ 1821(d)(2)(B)(i) (FDIC may "take over the assets and operate the insured depository institution with all the powers of the members or shareholders, the directors, and the officers of the institution and conduct all business of the institution[.]"), 1821(d)(2)(B), 1821(d)(2)(H).  This includes the administration of claims filed by creditors.  12 U.S.C. § 1821(d)(3); (Quick Decl. ¶ 2.)

Congress created a statutory procedure for the orderly and efficient administration of claims.  See 12 U.S.C. § 1821(d)(3)–(13).  All claims must be submitted to FDIC within ninety days of FDIC's mailing of a claims form.  12 U.S.C. § 1821(d)(3)(B).  Upon receipt of a claim, FDIC has 180 days to review the claim and grant or deny it.  See 12 U.S.C. § 1821(d)(5)(A)(i).  This claims process is a mandatory prerequisite to judicial review.  Until the claims process has been exhausted, courts are divested of jurisdiction over claims against a failed institution for which FDIC has been appointed Receiver.  See McCarthy v. FDIC, 348 F.3d 1075, 1077 (9th Cir. 2003).  FIRREA states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2555 PA (FFMx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | Miguel De Vivo v. IndyMac Bank, FSB, et al. | | |

>Except as otherwise provided in this subsection,[2/] no court shall have jurisdiction over—
>
>(i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which [FDIC] has been appointed receiver, including assets which [FDIC] may acquire from itself as a receiver; or
>
>(ii)  any claim relating to any act or omission of such institution or [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).  FIRREA's exhaustion requirement "applies to any claim or action respecting the assets of a failed institution for which the FDIC is Receiver."  McCarthy, 348 F.3d at 1081 (emphasis in original); see also Intercontinental Travel Marketing, Inc. v. F.D.I.C., 45 F.3d 1278, 1282–83 (9th Cir. 1994) (courts lack jurisdiction if claimant has not exhausted his administrative remedies under FIRREA); Henderson v. Bank of New England, 986 F.2d 319, 320–21 (9th Cir. 1993) (same).

Here, FDIC sent Plaintiff a Proof of Claim form on March 31, 2009.  (Quick Decl. ¶ 5, Ex. 3.)  Plaintiff has not submitted the form and has not exhausted FDIC's claim procedures.  (Id.)  Thus, Plaintiff's claims against FDIC fail because Plaintiff has not exhausted its FIRREA remedies, and the Court lacks jurisdiction.  Accordingly, Plaintiff's claims as to FDIC are dismissed without prejudice.

B. Claims Against MERS & NDEx West, LLC

Plaintiff's federal claims appear to be alleged only against IndyMac Bank (and now FDIC in IndyMac Bank's place).  Plaintiff alleges that IndyMac Bank failed to provide proper disclosures under TILA.  (Compl. ¶¶ 25–33, 35–37.)  Plaintiff alleges that it sent to IndyMac Bank a FDCPA request for verification of the amounts demanded, and a qualified written request under RESPA.  (Compl. ¶ 40.)  Plaintiff alleges that IndyMac Bank failed to respond to these requests.  (Id.)  Nowhere does Plaintiff allege that MERS or NDEx failed to provide proper TILA disclosures, or failed to respond to his FDCPA or RESPA requests.

The only claims against MERS and NDEx are state law claims.  The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction

---

[2/]  FIRREA provides that courts are vested with jurisdiction over a claim after the administrative claims process has been completed, if a plaintiff wishes to challenge FDIC's denial of his claim.  12 U.S.C. § 1821(d)(6)(A); McCarthy, 348 F.3d at 1078.

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09–2555 PA (FFMx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | Miguel De Vivo v. IndyMac Bank, FSB, et al. | | |

has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994).  The Court may decline supplemental jurisdiction if:  "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  Here, while the Court may have had jurisdiction based on FDIC's presence in the case, 12 U.S.C. § 1819(b)(A)(2)(A), the Court has dismissed all claims against FDIC, and FDIC is no longer in the suit.  Moreover, the Court has dismissed all of the federal claims over which it had original federal question jurisdiction at the time of removal.  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are remanded to state court.

**Conclusion**

For the foregoing reasons, the Motion is granted.  Plaintiff's claims against FDIC are dismissed without prejudice.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against MERS and NDEx, and those claims are remanded to Los Angeles County Superior Court, Case No. PC044851.

IT IS SO ORDERED.

:

Initials of Preparer